IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP, | |
| Plaintiff, | |
| v. | Case No. 19 cv 332 |
| STACY CALLIGHAN and FAITH HURLEY, | |
| Defendants. | |

## COMPLAINT

Plaintiff Levy Premium Foodservice Limited Partnership ("Levy"), by and through its attorneys, King & Spalding LLP, files this Complaint against Defendants Stacy Callighan ("Callighan") and Faith Hurley ("Hurley") (together, "Defendants"), and states as follows:

### NATURE OF THE CASE

1. Levy brings this suit against Callighan and Hurley for willful violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1330, *et seq.,* in connection with Defendants' unlawful taking and use of Levy's digital assets.

2. After resigning from Levy's affiliate, Defendants continued to access, download, and share documents stored on a protected computer system without authorization. As a result of Defendants' unlawful behavior, Levy has suffered damage and loss.

### THE PARTIES

3. Plaintiff Levy is a limited partnership formed under the laws of Illinois with its principal place of business in Chicago, Illinois.

4. On information and belief, Defendants Callighan and Hurley reside in Cook County, Illinois. Both Defendants are former employees of an affiliate of Levy in Chicago.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Callighan and Hurley because they reside in this District.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the acts of Defendants constitute violations of federal law, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* over which this Court has original jurisdiction. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(l) and (2) because Defendants reside in the Northern District of Illinois and a substantial part of the events giving rise to this cause of action occurred in the Northern District of Illinois.

9. Venue is proper in this District because the Defendants reside here and the events giving rise to the claims at issue in this Complaint occurred here. 28 U.S.C. § 1391.

## FACTS

*Callighan and Hurley's Employment at Levy's Affiliate*

7. Callighan was employed by an affiliate of Levy as Director, Experience Strategy from April 25, 2016 until July 13, 2018. Hurley was employed by an affiliate of Levy as Director, Design Strategy from July 25, 2016 until July 13, 2018.

8. While employed at Levy's affiliate, Defendants were responsible for utilizing the affiliate's confidential marketing and market data and helping prepare marketing and business strategy proposals for Levy's clients.

9. As a condition of their employment, Defendants received an Employee Handbook ("Employee Handbook") on January 12, 2018.

10. The Employee Handbook provides in relevant part:

**Do Not Disclose Confidential Business Information**. As a term of employment and continued employment Team Members must: (i) protect and preserve the Confidential Business Information as confidential and not disclose any of the Confidential Business Information to any unauthorized person or entity; and (ii) not take or remove from the Company or otherwise retain any written or electronic copies of Confidential Business Information, except where expressly authorized to do so in the course of business for the Company.

Unauthorized use or disclosure of Confidential Business Information will cause irreparable harm to the Company. As such, Team Members who fail to abide by these terms may be subject to disciplinary action, up to and including termination of employment and possible legal action.

**Confidential Business Information Following Separation from the Company.** Upon Compass Group and Levy Restaurants' request or at the end of a Team Member's employment, he/she must return any documents, papers, or other materials in his/her possession containing or involving Confidential Business Information. Compass Group and Levy Restaurants retains ownership of work performed by its Team Members.

11. Defendants each e-signed an acknowledgment that they had received, read and understood the Employee Handbook on January 12, 2018.

12. In order to allow Defendants to effectively carry out their employment duties, Defendants were entrusted with Levy's client and marketing files and materials, including highly sensitive, confidential, and/or proprietary data.

13. Many of these documents were stored in a Dropbox account belonging to Plaintiff Levy (the "Dropbox Account").

14. Defendants were each authorized to access, modify, and download confidential files in the Dropbox Account in the course of their employment.

15. In early July 2018, Defendants provided written notice that they would be leaving their employment, effective July 13, 2018. Defendants were not authorized to continue accessing, downloading, or altering Plaintiff's data after their departure.

***Callighan and Hurley's Unauthorized Access to Protected Computer Systems***

16. After informing Plaintiff of her resignation, but prior to resigning from Levy, Defendant Hurley downloaded 53 files from the Dropbox Account to her personal device. All such files were downloaded by Hurley between approximately 7:00 p.m. and 11:00 p.m. on the night prior to the effective date of her resignation.

17. These actions exceeded the scope of authorized access, as Defendant Hurley had no employment-related reason for accessing and downloading these materials on the eve of her departure.

18. After informing Plaintiff of her resignation, but prior to resigning from Levy, Defendant Callighan downloaded 13 files from the Dropbox Account to her personal device. All such files were downloaded by Callighan on the two days prior to the effectiveness of her resignation.

19. Following their resignation, Defendants continued to access the Dropbox Account without authorization. From July 14, 2018 until November 27, 2018, the Dropbox Account logs recorded 20 events when Defendants downloaded Levy's files without authorization and 30 events when Defendants previewed Levy's files.

20. Following their resignations, Defendants downloaded or viewed no fewer than 83 documents containing client information, client reports relating to data analytics, business strategies, and RFP responses, among other confidential and proprietary information ("collectively, the Confidential Files").

21. Defendants also, on information and belief, deleted files residing in the Dropbox Account.

22. On November 27, 2018, Levy learned of Defendants' continued unauthorized access to the Dropbox Account and de-activated Defendants' login credentials to prevent further unauthorized access.

*Loss and Damage Resulting from Defendants' Conduct*

23. Defendants caused loss and damage to Levy by utilizing their unauthorized access (or exceeding their authorized access during their terms of employment) to access, use, and download files contained on Plaintiff's protected computer system.

24. On information and belief, Defendants utilized files from the Dropbox Account to further their own personal business interests.

25. On information and belief, Defendants' unauthorized access and use of files from the Dropbox Account impaired the value of the confidential business, marketing, and strategic data therein and caused it to be less usable to Levy.

26. On information and belief, Defendants modified or deleted information during the period of their unauthorized access to the Dropbox Account, further damaging Levy.

27. After learning of the unauthorized access, Levy promptly investigated the extent to which its data had been improperly accessed, used, and/or damaged. Levy sustained additional costs and losses associated with this investigation.

28. In the aggregate, Defendants' conduct has caused Levy to incur losses of at least five thousand dollars (U.S. $5,000.00) during a one-year period.

**COUNT I - COMPUTER FRAUD AND ABUSE ACT**

29. Levy re-alleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

30. At all times relevant herein, there existed a statute entitled the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.,* ("CFAA"). Among other things, Section 1330(g) of the CFAA provides that any person who suffers damage or loss by reason of a violation of this act may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. *See* 18 U.S.C. § 1330(g).

31. After they had already decided to leave their employment at Levy's affiliate to start a business through which they solicited work from Levy's clients and affiliates, Defendants knowingly and with intent to defraud accessed a protected computer, the Dropbox Account, without authorization to access and use information contained therein.

32. Obtaining and using such information for any person or entity's benefit other than Levy and its affiliates exceeded Defendants' authority to use the protected computer system, share file accounts, websites, and networks, and was in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*

33. Defendants' acts were intentional and without Levy's knowledge, permission or authorization.

34. Levy's affiliate also did not authorize Defendants' actions.

35. The information contained in the Dropbox Account is valuable information to Levy and its affiliates, and alteration, deletion, or improper use of the information would result in substantial financial and reputational harm to Levy.

36. Defendants' acts constitute computer fraud and abuse in violation of 18 U.S.C. § 1030(a)(4), § 1030(a)(2)(C), § 1030(a)(5)(A)(iii) and§ 1030(a)(5)(B)(i).

37. As a direct and proximate result of Defendants' actions, Levy has suffered damages in an amount in excess of $5,000.00.

WHEREFORE Plaintiff Levy Premium Foodservice Limited Partnership respectfully requests the following relief for Defendants' violation of the Computer Fraud and Abuse Act:

A. The judgment be entered in favor of Levy and against Defendants in an amount to be determined by the evidence to compensate Levy for its actual losses and damages, as provided for under 18 U.S.C. § 1330(g);

B. That judgment be entered in favor of Levy and against Defendants for exemplary damages;

C. That Levy be awarded its costs and reasonable attorney fees; and

D. That such other and further relief be awarded as this Court determines to be just and proper.

Respectfully submitted, this 16th day of January, 2019,

    */s/ Jade R. Lambert*
Jade R. Lambert
King & Spalding LLP
444 W Lake Street, Suite 1650
Chicago, IL 60606
Tel: (312) 995-6333
Fax: (312) 995-6330
jlambert@kslaw.com

*Attorney for Plaintiff*